JACOB FARRINGTON, RESPONDENT, *v.* CYNTHIA A. BUNDY AND ANOTHER, APPELLANTS.

*Easement — stairway— right of way over — reasonable width of.*

The defendant's grantor, being the owner of two adjoining lots, the most westerly of which was covered by a building, access to the second story of which was had by means of a stairway situated upon the outside of the easterly side of the house, and upon the adjoining lot, conveyed the westerly lot and the building thereon to the plaintiff by a warranty deed, which provided that he should have " the right and privilege to have an outside stairs leading to the upper rooms of the store and to be a part of the premises." *Held,* that by the deed the plaintiff took a perpetual easement or right of way to his second story, over the said stairway on the adjoining lot, and that as its width was not declared, the law implied that it should be of a reasonable width.

THE counsel for each party stated in his points that this was an appeal from a judgment. The court accepted this statement and acted upon it, although the papers did not show an appeal. It did appear, however, that the case was tried before the court, a finding had, and a judgment entered on the finding.

*Bundy & Scramling,* for the appellants.

*E. Countryman,* for the respondent.

JAMES, J. :

This was an action in equity for a perpetual injunction, and to recover damages. No exceptions were taken to the findings of fact, as such, but certain exceptions were taken to the conclusions of law. The case seems to have been tried partly on the facts as they existed when the action was commenced, and partly upon such facts and the subsequent action of the parties. As both parties seem to have assented to such course, and have argued the case without any objection, it may be as well to dispose of it as thus presented.

It appears from the findings, that previous to May, 1864, one Burton was the owner in fee of two certain adjoining village lots in Oneonta, fronting southerly on a street; on the westerly lot was a stone building, two stories high, covering its entire front; the lower story being used as a store, and the upper story as a dwelling, which was reached by an outside open stairway, four feet wide, with a

platform at the top, fifteen feet long and six and one-half feet wide; this stairway was on the east end of said building, and extended its width on to the said east lot. May 11th, 1864, said Burton sold and conveyed to the plaintiff said lot and building by warranty deed, with a right of way, in the following words: " And the said Jacob Farrington is to have the right and privilege to have an outside stairs leading to the upper rooms of the store and to be a part of the premises; and the said party of the first part [Burton], in case he should erect a building close to said store, shall put in a light," etc. This deed was duly recorded; under it plaintiff entered into possession, and by himself and tenants has ever since been in possession, having an outside, open stairway, four feet wide, with a platform fifteen feet long and six and one-half feet wide. During the whole of 1872, the said second story was occupied by a tenant.

May 5th, 1867, said Burton sold and conveyed the said east lot to the defendant Bundy, and in said deed, after the description of the lot, were these words: " subject to the right of Jacob Farrington to an outside stairway leading to the upper part of his store, but not as it now exists, or the frame now constructed."

In the fall of 1872, the defendant Parkus contracted with defendant Bundy to erect a brick building on said east lot, and on the sixteenth of October, under the direction of the defendant Bundy, entered upon said premises, tore the stairway down, dug a trench under where it had stood, and within three feet of said store, laid a foundation wall therein, and a brick wall on top, five feet high. This action was then commenced, and the defendants restrained by injunction from further acts.

Since then, said foundation wall has been removed, a new wall has been built four feet distant from the stone store, now forming the wall for the western end of a new brick building on said east lot; a new stairway has been constructed, four feet wide, with a platform fifteen feet long, four feet wide for seven feet, and three feet wide for eight feet; which said stairway is covered and now used by both parties to reach the second stories of their respective buildings.

The plaintiff, by virtue of his deed from Burton, took a fee in the stone store and lot, and a perpetual easement or right of way, to his second story, over the said stairway on his grantor's adjoin-

ing lot. The act of the defendants, in tearing down this stairway and erecting a wall within the right of way, was an injury to the estate, entitling plaintiff to nominal damages, notwithstanding the second story of the building was at the time under lease and occupation of a tenant. The action was also properly an equity action, as its principal feature was to restrain defendants from a further threatened injury. The action was also properly brought by the owner of the easement threatened with injury.

The grant of the easement did not define or declare its width; the law, therefore, implies a reasonable width, and the judge who tried the cause found and adjudged four feet a reasonable width. The defendants excepted to this finding, but did not press the point on the argument. The width fixed by the court below is not unreasonable; it was the width of the stairway at the time of the grant, and a practical location of the grant.

In the grant of said easement, no mention was made of a platform or landing; yet one of reasonable length and width would be implied and attach from necessity. Without a proper landing the easement would not be complete, nor yield the benefits intended and expected by the parties thereto. The Special Term held six and a half feet a reasonable width for a platform; but, under the peculiar features of this case, the allowance was too liberal to the plaintiff. The way for these stairs and platform is all taken from the east lot, a village lot, over the entire front of which it would eventually be desirable to build; and it would not be desirable to have in a wall a jog of thirty inches; it could not have been intended or contemplated by the parties to the grant, as the purpose was merely to give a way to reach the second story of the building conveyed. Considering the purpose, and all the facts and surroundings, a landing of four feet in width for a reasonable length, was all that could be reasonably claimed or allowed under the grant.

There is no doubt that the owner of the east lot had the right to build up to the building on the west lot and cover over the stairway and landing, if done with proper care and in a proper manner, respecting plaintiff's rights.

The plaintiff's right in said stairway and platform is merely that of way; not exclusive, but in common with the defendant Bundy, her agents, servants, tenants and grantees.

The judgment as entered must be amended and so modified as to give the plaintiff the right in a stairway four feet wide, with a platform at the end thereof fifteen feet long, four feet in width for seven feet, and three feet wide the other eight feet, with the right to use and maintain the same in person or by his agents, servants, tenants or grantees; and restraining the defendants perpetually, and all claiming under them or either of them, from hereafter intermeddling with said stairway and platform, except to use in common and repair the same; and from preventing or interfering with such use by the plaintiff, his agents, servants and grantees, as a right of way in common with said defendant and those claiming under him. In other respects the judgment should be affirmed, but without costs to either party.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Ordered accordingly.